IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-354-H

| | |
|---|---|
| KIMBERLY ANN SHREVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| KRISTEN LYNN FETTER, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff has filed an application to proceed *in forma pauperis*. (DE-1). She has demonstrated appropriate evidence of inability to pay the required court costs. However, Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss an action determined to be frivolous or malicious, or which fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2); Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing sua sponte dismissal under predecessor statute 28 U.S.C. § 1915(d)). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The standard used to evaluate the sufficiency of the pleading is flexible, and a *pro se* complaint, however inartfully pled, is held to less stringent standards than formal pleadings drafted by attorneys. *See* Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, this less stringent standard does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); *see* Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).

Plaintiff's Complaint is rambling and lacks clarity. However, she appears to claim that she was assaulted by Defendants Kristen Lynn Fetter and Tina Hoagland Byrd. Defendant Fetter is an Assistant District Attorney and Defendant Byrd is a courtroom deputy. On December 5, 2008, Plaintiff apparently became displeased that Defendant Fetter did not take Plaintiff's domestic violence claim seriously. When Plaintiff voiced her displeasure, she was escorted out of a courtroom and then allegedly assaulted by Defendants Fetter and Byrd. Finally, Plaintiff asserts that Defendants Colon Willoughby, Jr. and Wake County Sheriff's Office improperly supervised Defendants Fetters and Byrd.

Plaintiff's complaint, liberally construed with all factual allegations assumed to be true, fails to state a cognizable claim that falls within the scope of this Court's limited jurisdiction. Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998).

It is clear from the face of Plaintiff's complaint that diversity jurisdiction does not exist. (DE-1-1, pg. 2, 6). *See*, Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372–374 (1978)(Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side).

Therefore, Plaintiff must establish federal question jurisdiction. To this end, Plaintiff contends that this Court has jurisdiction because "any interested party has the right of immediate appeal from an adverse ruling as to jurisdiction of court over person [sic]." (DE-1-1, pg. 2). This statement is incorrect. On the contrary, a federal district court should generally abstain from exercising jurisdiction when "(1) there is an ongoing state court proceeding, (2) the proceeding

implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Plaintiff does not otherwise specifically refer to any other federal statute that would give rise to federal question jurisdiction.

It appears Plaintiff is attempting to assert a claim pursuant to 42 U.S.C. § 1983. To state a viable § 1983 claim, a plaintiff must establish three elements: "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." Jenkins v. Medford, 119 F.3d 1156, 1159-1160 (4th Cir. 1997). It is not clear that Plaintiff has established these three elements even when her complaint is liberally construed. Regardless, Plaintiff's potential section 1983 claim is time-barred by § 1983's three-year statute of limitations. Rabil v. Town of Smithfield, 2012 WL 2133521, * 2 (E.D.N.C. 2012)(the statute of limitations for a § 1983 claim arising in North Carolina is three years). Plaintiff complains of actions that occurred on December 5, 2008, and her proposed complaint was not filed until May 13, 2013. (DE-1-1). Finally, Plaintiff does not assert facts sufficient to establish equitable tolling. Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004)(to benefit from the doctrine of equitable tolling, one must show: (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time).

Accordingly, the undersigned RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis* be GRANTED, but that her complaint be dismissed as frivolous.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, June 17, 2013.

WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE